UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES MARQUIS SPENCER,

                Plaintiff,              Case No. 1:20-cv-1115

v.                                    Honorable Hala Y. Jarbou

JEANINE N. LAVILLE et al.,

                Defendants.
_____/

### OPINION DENYING LEAVE
### TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has not moved to proceed *in forma pauperis*, but even if he had, the Court would have to deny his motion.  Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).  The Court will order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis.*  This fee must be paid within twenty-eight (28) days of this opinion and accompanying order.  If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice.  Even if the case is dismissed, Plaintiff must pay the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

### Discussion

        The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*.  As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are

meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton*

*v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress created economic

incentives to prompt a prisoner to "stop and think" before filing a complaint.  *Id.*  For example, a

prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma*

*pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).

The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit.

*Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA

by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files

meritless lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action
> or proceeding under [the section governing proceedings *in forma pauperis*] if the
> prisoner has, on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon
> which relief may be granted, unless the prisoner is under imminent danger of
> serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and

unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger

of serious physical injury."  The Sixth Circuit has upheld the constitutionality of the three-strikes

rule against arguments that it violates equal protection, the right of access to the courts, and due

process, and that it constitutes a bill of attainder and is *ex post facto* legislation.  *Wilson v. Yaklich*,

148 F.3d 596, 604-06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan.  In at least

three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were

frivolous, malicious, and/or failed to state a claim.  *See Spencer v. State of Michigan et al.*, 1:18-

cv-0133 (W.D. Mich. Nov. 30, 2018); *Spencer v. City of Grand Rapids et al.*,1:19-cv-0597 (W.D.

Mich. Aug. 20, 2019); *Spencer v. Adams*, 1:19-cv-0873 (W.D. Mich. Nov. 13, 2019).

Moreover, Plaintiff's allegations do not fall within the "imminent danger"

exception to the three-strikes rule.  28 U.S.C. § 1915(g).  Plaintiff does not allege facts showing

that he is in imminent danger of serious physical injury.

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this

action.  Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire

civil action filing fee, which is $400.00.  When Plaintiff pays his filing fee, the Court will screen

his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Plaintiff does not

pay the filing fee within the 28-day period, this case will be dismissed without prejudice, but

Plaintiff will continue to be responsible for payment of the $400.00 filing fee.


Dated:    November 25, 2020                         /s/ Hala Y. Jarbou
                                                    HALA Y. JARBOU
                                                    UNITED STATES DISTRICT JUDGE


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

3